UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS   )
PENSION FUND, et al.,                  )
                                      )
      Plaintiffs,            )
                                        )
      vs.                     )            No. 4:10-CV-1030 (CEJ)
                                        )
MIDWEST DRILLING INCORPORATED,   )
                                      )
      Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' second motion for default judgment pursuant to Rule 55, Fed.R.Civ.P. Defendant has not appeared or filed any responsive pleadings in this matter and the Clerk of Court entered default against defendant on August 10, 2010.

### I.    Background

Plaintiffs, two employee benefit funds and their trustees, allege that defendant construction company has failed to submit contributions owed for hours worked by employees pursuant to a collective bargaining agreement (CBA). Plaintiffs seek recovery pursuant to the Employee Retirement Income Security Act (ERISA), which provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers that fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

The record shows that a copy of the summons and complaint was personally served upon Kathleen S. Wilson on July 3, 2010. (Doc. #14). Ms. Wilson is listed as the secretary of defendant Midwest Drilling, and as such, she is a corporate officer authorized to accept service of process. (Doc. #14-2). Defendant has not filed any

responsive pleadings and the Clerk of the Court entered default on August 10, 2010 pursuant to Rules 55(a) and 12(a)(1)(A)(I), Fed.R.Civ.P. (Doc. #11).

On October 20, 2010, the Court issued an order denying plaintiffs' first motion for default judgment without prejudice and directing defendant to submit to an accounting to determine any additional unpaid contributions. (Doc. #15). On April 21, 2011, plaintiffs filed a second motion for default judgment seeking a judgment awarding $45,179.04 to plaintiff Construction Industry Laborers Pension Fund (the "Pension Fund") and awarding $58,545.30 to plaintiff Construction Laborers Welfare Fund (the "Welfare Fund"). The award requested by the Pension Fund represents $33,954.63 in unpaid contributions for the period January 1, 2007 to November 30, 2009, $6,790.93 in liquidated damages, $1,029.83 in interest, $1,598.65 for reasonable attorneys' fees, and $1,805.00 for payroll audit costs. The award requested by the Welfare Fund represents $44,822.61 in unpaid contributions for the period from January 1, 2007 to November 30, 2009, $8,964.53 in liquidated damages, $1,354.50 in interest, $1,598.66 for reasonable attorneys' fees, and $1,805.00 for payroll audit costs.

Plaintiffs have submitted affidavits and documentary exhibits supporting these claimed amounts. Perri L. Pryor and Patrick R. Pryor have both submitted affidavits as the trustees of the Welfare and Pensions funds, respectively. Attached to their affidavits are copies of the parties' CBA and copies of various amendments and resolutions adopted by the trustees. Plaintiffs have also submitted an affidavit by Paul Barnes, an audit supervisor employed by TIC International Corporation (TIC), who performed defendant's payroll audit. Attached to the Barnes affidavit are spreadsheets showing the calculations and methodology used to determine the amount of unpaid

contributions, liquidated damages, and interest owed by defendants. Finally, plaintiff's counsel has also submitted an affidavit giving an itemized statement of the attorney hours expended in bringing this suit.

## II. Legal Standard

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

## III. Discussion

Taking the allegations in their complaint as true, plaintiffs have established that defendant was bound by a valid CBA during the period January 1, 2007 to November 30, 2009. They have also established that defendant breached the CBA by failing to

timely submit payroll reports and contributions. Consistent with ERISA, the CBA provides for liquidated damages, fees and costs associated with these unpaid contributions as well as a right to examine defendant's payroll records. Having determined that plaintiffs are entitled to default judgment based upon their pleadings, the Court must next examine whether they have submitted sufficient evidence to show they are entitled to the amount of damages they seek.

The plaintiffs' first motion for default judgment was denied due to several evidentiary shortcomings that prevented the Court from determining whether the amounts requested by plaintiffs were reasonable. (Doc. #15). Specifically, the plaintiffs had failed to submit a complete copy of the parties' CBA that was in effect during the period for which they were claiming unpaid contributions. Additionally, the materials submitted by Paul Barnes were not sufficient to show that his calculations and methodology were reasonable in light of the parties' CBA. The additional documentation and affidavits submitted by plaintiffs in support of their second motion for default judgment have addressed these deficiencies, and the Court finds that plaintiffs are entitled to the damages they now request.

The Barnes affidavit explains in great detail the basis for the unpaid contributions, liquidated damages, and interest owed by defendant. (Doc. #20). The number of unreported hours determined by Barnes are based upon assumptions reasonable in light of the parties' CBA and the hourly contribution rates owed to the Pension and Welfare funds are supported by the parties' CBA and subsequent amendments by the trustees. (Doc. Nos. 19-1 through 19-5). The liquidated damages determined by Barnes' is also in accordance with the parties' CBA as amended by trustees by resolution on April 1, 2006. (Doc. #19-5). And the interest on defendant's

–4–

unpaid contributions as calculated by Barnes is in accordance with the rates set by the parties' CBA and Section 6621 of the Internal Revenue Code. (Doc. No. 19-5 and 20-2).

The Barnes affidavit also provides the hours expended by TIC in conducting the audit of defendant's payroll and the hourly rate applied in calculating the cost of the audit. The Court finds that the amount of audit costs claimed by plaintiffs is reasonable considering the time involved and complexity of the audit performed.

Finally, the affidavit submitted by plaintiffs' counsel includes an itemized list of the hours expended by their firm in bringing this action and the costs incurred by plaintiffs. (Doc. #22). The Court finds that the amount of hours and hourly rate charged by plaintiffs' counsel - 15 hours at an average rate of $183 per hour - is reasonable when compared to other ERISA unpaid contributions actions of similar complexity and amount.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #17] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2011.